UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

HUNG KANG HUANG,

      Plaintiff,

v.

CARNIVAL CORPORATION,
WILLIAM PRETORIUS (Ship's Doctor),
JACQUELINE GOBEIL, (Ship's Nurse),
BRYAN PATIU, (Ship's Nurse),

      Defendant

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff sues Defendant and alleges:

## PRELIMINARY ALLEGATIONS

1. Plaintiff is a citizen of the state of New York and Defendant Carnival is a corporation incorporated under the laws of Panama having its principal place of business in Florida. Defendants William Pretorius, Jacqueline Gobeil, and Bryan Patiu are residents of a state other than New York.

2. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. 1332. In the alternative if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

3. Defendant, Carnival Corporation, at all times material hereto, personally or through an agent;

    a. Operated, conducted, engaged in or carried on a business venture in this state

1

    and/or county or had an office or agency in this state and/or county;

    b.   Was engaged in substantial activity within this state;

    c.   Operated vessels in the waters of this state;

    d.   Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

    e.   The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state.

    f.   The defendant was engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard the vessel, Carnival Miracle.

4.  Defendants are subject to the jurisdiction of the Courts of this state.

5.  The Defendants William Pretorius, Jacqueline Gobeil, and Bryan Patiu (ship's doctor and ship's nurses) are believed to be non-residents of the State of New York who provided in whole or in part medical care to Plaintiff Hung Kang Huang aboard the vessel Carnival Miracle.

6.  The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

7.  At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the vessel, Carnival Miracle.

8.  At all times material hereto, Defendant Carnival Corporation owned, operated, managed, maintained and/or controlled the medical equipment in the ship's medical facility aboard the vessel Carnival Miracle.

9.  At all times material hereto, Defendant William Pretorius was the ship's doctor working in the vessel's medical facility, with the intent of providing medical care to passengers, including Hung Kang Huang. Defendants Jacqueline Gobeil and Bryan Patiu were the ship nurses working in the vessel's medical facility, with the intent of providing medical care to passengers, including Hung Kang Huang.

10. At all times material hereto, Defendant William Pretorius, the ship's doctor, was an apparent agent and/or joint venturer and/or partner of the Defendant Carnival Corporation, and at all times acted within the course and scope of his apparent agency and/or joint venture and/or partnership.

11. At all times material hereto, Defendants Jacqueline Gobeil and Bryan Patiu, the ship's nurses, were agents and/or employees and/or servants and/or apparent agents and/or joint venturers and/or partners of Defendant Carnival Corporation, and at all times acted within the course and scope of their employment, agency, apparent agency, joint venture, or service.

12. At all times material hereto, Defendant Carnival Corporation agreed to provide indemnity insurance coverage for Defendants William Pretorius, the ship's doctor, and Jacqueline Gobeil and Bryan Patiu, the ship's nurses, regarding the claims asserted in this action. Plaintiff was, and continues to be a third party beneficiary to that indemnification agreement. Further, these agreements subjected William Pretorius, Jacqueline Gobeil, and Bryan Patiu to the jurisdiction of this Court.

13. On or about September 30, 2011, Plaintiff was a paying passenger on defendant's vessel which was in navigable waters.

3

14. At all material times, Carnival allowed a hazardous condition to exist on its vessel which it knew or should have known was likely to cause injuries to passengers.

15. On or about September 30, 2011, Plaintiff, Hung Kang Huang was severely injured due to a hidden hazardous condition on the Carnival Miracle and the failure of the Defendants to promptly, adequately, and properly diagnose his multiple spinal fractures and epidural hematomas, while aboard Defendant's vessel. Plaintiff slipped and fell in the shower inside his cabin bathroom, injuring his neck and spine. Plaintiff sought medical care from the Defendants who diagnosed him as having a laceration and muscle sprain and prescribed only pain medications. Plaintiff requested medical evacuation from the Carnival Miracle which was located in port in Kings Wharf, Bermuda. Defendants denied this request and sent the Plaintiff back to his cabin without any way to stabalize/immobilize/support his broken neck and/or spine and without treating his hematomas. The next day, Plaintiff again sought medical treatment from the Defendants and requested evacuation. Defendants finally evacuated the Plaintiff, but still did nothing to stabilize/immobilize/support his broken neck and/or spine. Despite the serious nature of his condition, Plaintiff Hung Kang Huang's departure from the vessel was delayed for a substantial period of time during which he suffered severe injuries by reason of failing to stabilize/immobilize/support his neck and/or spine and/or failing to treat severe epidural hematomas. The delay in treatment, coupled with the failure to stabilize/immobilize/support Plaintiff's neck and/or spine and/or failure to treat the epidural hematomas, caused the Plaintiff severe injuries or aggravation of

his injuries including but not limited to loss of motor capacity, loss of feeling/sensation, loss of physical strength and difficulties ambulating.

### COUNT I – NEGLIGENCE - CARNIVAL CORPORATION

Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs 1 through 15 as though alleged originally herein.

16. It was the duty of Defendant Carnival to provide Plaintiff with reasonable care under the circumstances.

17. On or about September 30, 2011, Carnival and/or its agents, servants, and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances.

18. Plaintiff was injured due to the fault and/or negligence of Defendant Carnival, and/or its agents, servants, and/or employees as follows:

   a. Failure to have proper shower in bathroom; and/or

   b. Failure to utilize adequate flooring in bathroom/shower; and/or

   c. Failure to adequately design shower in cabin bathroom so that it would not present a slipping hazard; and/or

   d. Failure to provide adequate markings and/or warnings of slipping hazards in bathroom/shower; and/or

   e. Failure to warn of dangers of showering in cabin bathroom; and/or

   f. Failure to determine hazards in cabin bathroom and/or shower; and/or

   g. Failure to warn of dangers presented by the slippery flooring surface in the shower and/or bathroom; and/or

5

    h.  Failure to provide non-slip mats in cabin bathroom and/or shower; and/or

    i.  Failure to provide non-slip flooring surface in cabin bathroom and/or shower; and/or

    j.  Failure to provide adequate hand-holds and/or grips in the cabin bathroom and/or shower; and/or

    k.  Failure to provide an adequate shower door to prevent persons from slipping in the shower and then falling out of the shower; and/or

    l.  Constructing door frames in such a way as to create a falling hazard; and/or

    m.  Failure to promulgate and/or enforce adequate policies and/or procedures so as to maintain reasonably safe conditions in the cabin bathroom and/or shower including but not limited to maintaining adequate flooring surfaces and adequately marking and/or warning of hazards; and/or

    n.  Failure to take corrective measures despite prior similar incidents.

19. At all material times, Defendant Carnival had exclusive custody and control of the vessel, Carnival Miracle.

20. Defendant knew of the foregoing conditions causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant in the exercise of reasonable care under the circumstances should have learned of them and corrected them.

21. As a result of the negligence of Defendant William Pretorius, the ship's doctor, for which Defendant Carnival is vicariously liable, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain and suffering, mental and emotional anguish, loss

of enjoyment of life, physical disability, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of his injuries including life care, incurred special transportation costs after being discharged from the vessel, suffered physical handicap, lost wages, income lost in the past, and his working ability and earning capacity have been impaired. The injuries and damages are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. Further, Plaintiff lost the value of his vacation cruise for which he incurred expenses, including, but not limited to the cost of the cruise ticket for himself and others as well as transportation costs.

**Wherefore**, the plaintiff demands judgment for all damages recoverable under the law against the Defendant and demands trial by jury.

### COUNT II – NEGLIGENCE AGAINST CARNIVAL CORPORATION FOR THE ACTS OF DEFENDANT WILLIAM PRETORIUS, M.D., BASED ON THE THEORY OF RESPONDEAT SUPERIOR

Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs 1 through 15 as though alleged originally herein.

22. At all times material hereto, Defendant William Pretorius, ship's doctor, was an agent and/or servant and/or employee of Defendant Carnival Corporation.  And at all times, the ship's doctor was subject to control and/or the right to control by Carnival.[1]

23. At all times material hereto, Defendant William Pretorius, the ship's doctor, was acting within the scope of his employment and/or agency.

---

[1] Plaintiff recognizes this position is against the present position espoused in Barbetta v Bermuda Start, but herein Plaintiff expressly seeks to modify this existing law as it is outdated and outmoded and no longer reflects the realities of the modern day cruise industry.

7

24. Defendant Carnival is estopped to deny that Defendant William Pretorius was it's agent and/or employee and/or servant.

25. At all times material hereto, Defendant William Pretorius, the ship's doctor, owed a duty to provide Plaintiff, Hung Kang Huang, with reasonable care under the circumstances. On or about September 30, 2011, Defendant William Pretorius, breached his duty to provide reasonable care under the circumstances by:

   a. Failing to promptly provide Plaintiff with proper and/or adequate medical care and attention; and/or

   b. Failing to timely diagnose Plaintiff's, medical condition; and/or

   c. Failing to recommend the immediate evacuation of Plaintiff from the ship; and/or

   d. Knowingly rendering treatment to passengers while lacking the proper licenses to practice medicine in the jurisdiction of the ship and/or Bermuda; and/or

   e. Failing to have proper licenses to practice medicine in the jurisdiction of the ship or Bermuda; and/or

   f. Failing to promptly go to the Plaintiff's cabin when he needed medical attention; and/or

   g. Failure to stabilize, immobilize, and or support Plaintiff's neck and spine; and/or

   h. Sending the Plaintiff back to his cabin with a broken neck and bleeding in his brain when obvious signs of serious injury existed that demonstrated a need for immediate emergency care.

26. On or about September 30, 2011, Defendant Carnival Corporation had a duty to provide the Plaintiff with reasonable care under the circumstances and through the acts of its

agents and/or employees and/or servant, Defendant William Pretorius, breached its duty to provide Plaintiff with reasonable care under the circumstances.

27. As a result of the negligence of Defendant William Pretorius, the ship's doctor, for which Defendant Carnival is vicariously liable, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain and suffering, mental and emotional anguish, loss of enjoyment of life, physical disability, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of his injuries including life care, incurred special transportation costs after being discharged from the vessel, suffered physical handicap, lost wages, income lost in the past, and his working ability and earning capacity have been impaired. The injuries and damages are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. Further, Plaintiff lost the value of his vacation cruise for which he incurred expenses, including, but not limited to the cost of the cruise ticket for himself and others as well as transportation costs.

**Wherefore**, the plaintiff demands judgment for all damages recoverable under the law against the Defendant and demands trial by jury.

### COUNT III – APPARENT AGENCY AGAINST CARNIVAL CORPORATION FOR ACTS OF DEFENDANT WILLIAM PRETORIUS (SHIP'S DOCTOR)

Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs 1 through 15 as though alleged originally herein.

28. At all material times, Defendant William Pretorius, was the ship's doctor aboard the vessel Carnival Miracle on or about September 30, 2011.

29. At all times material hereto, the Defendant William Pretorius was represented to the Plaintiff and the ship's passengers as an employee and/or agent and/or servant of Defendant, Carnival, in that:

    a. He wore a ship's uniform; and/or

    b. He ate with the ship's crew; and/or

    c. He was under the commands of the ship's officers; and/or

    d. The literature provided by the Defendants' representatives showed the doctors as crew members and employees of Carnival; and/or

    e. The Doctor worked in the ship's hospital; and/or

    f. He was paid a salary by Carnival; and/or

    g. He worked aboard the vessel; and/or

    h. He spoke to the Plaintiff as though he had authority to do so by Carnival.

30. At no time did Defendant William Pretorius represent to the Plaintiff in particular or the ship's passengers in a general and meaningful way that the Defendant Pretorius was not an agent or employee of Carnival.

31. At all material times, Plaintiff reasonably relied on the representations to his detriment that Defendant William Pretorius was an employee and/or agent and/or servant of Defendant, Carnival.

32. It was reasonable to believe that Defendant William Pretorius was Carnival's agent because he wore a ship's uniform and admitted Hung Kang Huang to the ship's medical facility. In addition, at all times material, Defendant Pretorius spoke and acted as though he was authorized to do so by Carnival.

33. This reasonable reliance was detrimental because it significantly delayed Hung Kang Huang from receiving proper medical treatment.

34. Defendant Carnival is estopped to deny that Defendant William Pretorius was its apparent agent and/or apparent employee and/or apparent servant.

35. On or about September 30, 2011, Defendant Carnival Corporation had a duty to provide the Plaintiff with reasonable care under the circumstances and through the acts of its apparent agent, Defendant William Pretorius, breached its duty to provide Plaintiff with reasonable care under the circumstances.

36. Plaintiff was injured due to the fault and/or negligence of Defendant Carnival through the acts of its apparent agent, Defendant William Pretorius, as follows:

    a. Failing to promptly provide Plaintiff with proper and/or adequate medical care and attention; and/or

    b. Failing to timely diagnose Plaintiff's, medical condition; and/or

    c. Failing to recommend the immediate evacuation of Plaintiff from the ship; and/or

    d. Knowingly rendering treatment to passengers while lacking the proper licenses to practice medicine in the jurisdiction of the ship and/or Bermuda; and/or

    e. Failing to have proper licenses to practice medicine in the jurisdiction of the ship or Bermuda; and/or

    f. Failing to promptly go to the Plaintiff's cabin when he needed medical attention; and/or

    g. Failure to stabilize, immobilize, and or support Plaintiff's neck and spine; and/or

    h. Sending the Plaintiff back to his cabin with a broken neck and bleeding in his

brain when obvious signs of serious injury existed that demonstrated a need for immediate emergency care.

37. As a result of the negligence of William Pretorius, for which Defendant Carnival is vicariously liable based on a theory of apparent agency and/or agency by estoppel, the Plaintiff was injured about his body and extremities, suffered physical pain and suffering, mental and emotional anguish, loss of enjoyment of life, physical disability, impairment, inconvenience in the normal pursuits and pleasures of life, feeling of economic insecurity, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of his injuries including psychiatric and life care, incurred special transportation costs after being discharged from the vessel, suffered physical handicap, lost wages, income lost in the past, and his working ability and earning capacity have been impaired. The injuries and damages are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. Further, Plaintiff lost the value of his vacation cruise for which he incurred expenses, including, but not limited to the cost of the cruise ticket for himself and others as well as transportation costs.

**Wherefore**, the plaintiff demands judgment for all damages recoverable under the law against the Defendant and demands trial by jury.

## COUNT IV – APPARENT AGENCY AGAINST CARNIVAL CORPORATION FOR THE ACTS OF THE SHIPS NURSES, DEFENDANTS JACQUELINE GOBEIL AND BRYAN PATIU

Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs 1 through 15 as though alleged originally herein.

38. At all material times, Jacqueline Gobeil and Bryan Patiu, were the ship's nurses aboard the vessel Carnival Miracle on or about September 30, 2011.

39. At all times material hereto, the Defendants Jacqueline Gobeil and Bryan Patiu were represented to the Plaintiff and the ship's passengers as employees and/or agents and/or servants of Defendant, Carnival, in that:

    a.  The nurses wore a ship's uniform; and/or

    b.  The nurses ate with the ship's crew; and/or

    c.  The nurses were under the commands of the ship's officers; and/or

    d.  The literature provided by the Defendants' representatives showed the nurses as crew members and employees of Carnival; and/or

    e.  The nurses worked in the ship's hospital; and/or

    f.  The nurses were paid a salary by Carnival; and/or

    g.  The nurses worked aboard the vessel; and/or

    h.  The nurses spoke to the Plaintiff as though they had authority to do so by Carnival.

40. At no time did Defendants Jacqueline Gobeil and/or Bryan Patiu represent to the Plaintiff in particular or the ship's passengers in a general and meaningful way that the Defendant nurses were not agents or employees of Carnival.

41. At all material times, Plaintiff reasonably relied on the representations to his detriment that the Defendant Nurses were employees and/or agents and/or servants of Defendant, Carnival.

42. It was reasonable to believe that the Defendant nurses were Carnival's agents because

they wore a ship's uniform and admitted Plaintiff to the ship's medical facility. In addition, at all times material, the Defendant nurses spoke and acted as though they were authorized to do so by Carnival.

43. This reasonable reliance was detrimental because it significantly delayed Plaintiff from receiving the proper medical treatment.

44. Defendant Carnival is estopped to deny that Defendants Jacqueline Gobeil and Bryan Patiu were its apparent agents and/or apparent employees and/or apparent servants.

45. On or about September 30, 2011, Defendant Carnival Corporation had a duty to provide the Plaintiff with reasonable care under the circumstances and through the acts of its apparent agents, Defendants Jacqueline Gobeil and Bryan Patiu breached this duty to provide Plaintiff with reasonable care under the circumstances.

46. Plaintiff was injured due to the fault and/or negligence of Defendant Carnival through the acts of its apparent agents, Defendants Jacqueline Gobeil and Bryan Patiu, as follows:

   a. Failing to promptly provide Plaintiff with proper and/or adequate medical care and attention; and/or

   b. Failing to timely diagnose Plaintiff's, medical condition; and/or

   c. Failing to recommend the immediate evacuation of Plaintiff from the ship; and/or

   d. Knowingly rendering treatment to passengers while lacking the proper licenses to practice medicine in the jurisdiction of the ship and/or Bermuda; and/or

   e. Failing to have proper licenses to practice medicine in the jurisdiction of the ship or Bermuda; and/or

   f. Failing to promptly go to the plaintiff's cabin when he needed medical attention;

14

and/or

    g.  Failure to stabilize, immobilize, and or support plaintiff's neck and spine; and/or

    h.  Sending the Plaintiff back to his cabin with a broken neck and bleeding in his brain when obvious signs of serious injury existed that demonstrated a need for immediate emergency care.

47.  As a result of the negligence of nurses Jacqueline Gobeil and Bryan Patiu, for which Defendant Carnival is vicariously liable based on a theory of apparent agency and/or agency by estoppel, the Plaintiff was injured about her body and extremities, suffered physical pain and suffering, mental and emotional anguish, loss of enjoyment of life, physical disability, impairment, inconvenience in the normal pursuits and pleasures of life, feeling of economic insecurity, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of his injuries including psychiatric and life care, incurred special transportation costs after being discharged from the vessel, suffered physical handicap, lost wages, income lost in the past, and his working ability and earning capacity have been impaired. The injuries and damages are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. Further, Plaintiff lost the value of his vacation cruise for which he incurred expenses, including, but not limited to the cost of the cruise ticket for himself and others as well as transportation costs.

  **Wherefore**, the plaintiff demands judgment for all damages recoverable under the law against the defendant and demands trial by jury.

**COUNT V – JOINT VENTURE BETWEEN DEFENDANTS CARNIVAL, WILLIAM PRETORIUS, JACQUELINE GOBEIL, AND BRYAN PATIU**

Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs 1 through 15 as though alleged originally herein.

48. At all times material hereto the Defendant William Pretorius was the ship's physician aboard the vessel Carnival Miracle on or about September 30, 2011.

49. At all times material hereto the Defendants Jacqueline Gobeil and Bryan Patiu, were the ship's nurses aboard the vessel Carnival Miracle on or about September 30, 2011.

50. A Joint Venture is an association of persons or legal entities to carry out a single business enterprise for profit. At all material times, Defendant Carnival and Defendants William Pretorius, Jacqueline Gobeil, and Bryan Patiu engaged in a Joint Venture to operate the ship's medical facility for passengers onboard Carnival's ship, Carnival Miracle, for a profit.

51. As its part of the Joint Venture, Defendant Carnival financed and equipped the ship's medical facility and assisted in running it. As its part of the Joint Venture, Defendants William Pretorius, Jacqueline Gobeil, and Bryan Patiu, provided labor and/or assisted in running the ship's medical facility so as to generate charges to passengers which were thereby collected by Carnival and the money was then shared by Carnival and Defendants William Pretorius, Jacqueline Gobeil, and Bryan Patiu.

52. Both Carnival and Defendants William Pretorius, Jacqueline Gobeil, and Bryan Patiu had joint or shared control over aspects of the Joint Venture. Defendants William Pretorius, Jacqueline Gobeil, and Bryan Patiu had control over the day to day workings of the ship's medical facility. Carnival also had control over the day to day workings of the ship's

16

medical facility and had control over the billings and collections for the ship's medical facility. Thus, Carnival and the Defendants William Pretorius, Jacqueline Gobeil, and Bryan Patiu had joint control over the day to day operations of the medical facility in that the Defendants William Pretorius, Jacqueline Gobeil, and Bryan Patiu, performed the medical aspects of the Joint Venture and Carnival performed the operational aspects of the Joint Venture.

53. Carnival and Defendants William Pretorius, Jacqueline Gobeil, and Bryan Patiu shared a common purpose: to operate the ship's medical facility for profit.

54. Carnival and Defendants William Pretorius, Jacqueline Gobeil, and Bryan Patiu had a joint proprietary or ownership interest in the ship's medical facility. Carnival had the interest in the money it devoted to setting up the medical facility and Defendants William Pretorius, Jacqueline Gobeil, and Bryan Patiu had a proprietary interest in the time and labor expended in operating the ship's medical facility. Further, Carnival and the Defendants William Pretorius, Jacqueline Gobeil, and Bryan Patiu shared in the profits of the Joint Venture. Upon information and belief, there exists contractual arrangements with Defendants William Pretorius, Jacqueline Gobeil, and Bryan Patiu which expressly lay out such a profit sharing relationship. In Florida, a duty to share losses actually and impliedly exists as a matter of law in a situation where one party supplies the labor, experience and skill, and the other the necessary capital.

55. Carnival and Defendants William Pretorius, Jacqueline Gobeil, and Bryan Patiu therefore:

    a.  Had a community of interest in the performance of the common purpose, eg., the operation of a ship's medical facility for passengers for profit; and/or

    b.  Had a joint proprietary interest; and/or

    c.  Had a joint control or right of control with respect to the operation of the medical facility; and/or

    d.  Had a right to share in the profits of the joint venture; and/or

    e.  Would share losses which may have been sustained.

56. As Joint Venturers, Carnival and Defendants William Pretorius, Jacqueline Gobeil, and Bryan Patiu are liable for each other's negligence. As a result, Carnival is liable for the negligent conduct of William Pretorius, Jacqueline Gobeil, and/or Bryan Patiu, and damages previously described in this complaint. Participants in a Joint Venture are each liable for the torts of the other or of the servants of the joint undertaking committed within the course and scope of the undertaking, without regard to which of the joint venturers actually employed the servant.

57. Plaintiff was injured due to the fault and/or negligence of Defendant Carnival through the acts of its Joint Venturers as follows:

    a.  Failing to promptly provide Plaintiff with proper and/or adequate medical care and attention; and/or

    b.  Failing to timely diagnose Plaintiff's, medical condition; and/or

    c.  Failing to recommend the immediate evacuation of Plaintiff from the ship; and/or

    d.  Knowingly rendering treatment to passengers while lacking the proper licenses to practice medicine in the jurisdiction of the ship and/or Bermuda; and/or

    e.   Failing to have proper licenses to practice medicine in the jurisdiction of the ship or Bermuda; and/or

    f.   Failing to promptly go to the Plaintiff's cabin when he needed medical attention; and/or

    g.   Failure to stabilize, immobilize, and or support plaintiff's neck and spine; and/or

    h.   Sending the Plaintiff back to his cabin with a broken neck and bleeding in his brain when obvious signs of serious injury existed that demonstrated a need for immediate emergency care.

58. As a result of the negligence of William Pretorius, Jacqueline Gobeil, and/or Bryan Patiu for which Carnival is liable as a Joint Venturer, the Plaintiff was injured about his body and extremities, suffered physical pain and suffering, mental and emotional anguish, loss of enjoyment of life, physical disability, impairment, inconvenience in the normal pursuits and pleasures of life, feeling of economic insecurity, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of his injuries including psychiatric and life care, incurred special transportation costs after being discharged from the vessel, suffered physical handicap, lost wages, income lost in the past, and her working ability and earning capacity have been impaired. The injuries and damages are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. Further, Plaintiff lost the value of his vacation cruise for which he incurred expenses, including, but not limited to the cost of the cruise ticket for himself and others as well as transportation costs.

**Wherefore**, the plaintiff demands judgment for all damages recoverable under the law against the Defendant and demands trial by jury.

### COUNT VI – NEGLIGENCE AGAINST WILLIAM PRETORIUS

Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs 1 through 15 as though alleged originally herein.

59. At all times material hereto William Pretorius was the ship's physician aboard the vessel Carnival Miracle on or about September 30, 2011.

60. It was the duty of Defendant William Pretorius to provide Plaintiff with reasonable care under the circumstances and/or medical care which did not fall below the applicable standard of care for cruise ship doctors.

61. On or about September 30, 2011, Defendant, William Pretorius and/or his agents, servants, and/or employees breached their duty to provide Plaintiff with reasonable care under the circumstances.

62. On or about the above date, Plaintiff was injured due to the fault and negligence of Defendant, William Pretorius and/or his agents, servants, and/or employees as follows:

    a.  Failing to promptly provide Plaintiff with proper and/or adequate medical care and attention; and/or

    b.  Failing to timely diagnose Plaintiff's, medical condition; and/or

    c.  Failing to recommend the immediate evacuation of Plaintiff from the ship; and/or

    d.  Knowingly rendering treatment to passengers while lacking the proper licenses to practice medicine in the jurisdiction of the ship and/or Bermuda; and/or

    e.  Failing to have proper licenses to practice medicine in the jurisdiction of the ship

or Bermuda; and/or

    f.   Failing to promptly go to the plaintiff's cabin when he needed medical attention; and/or

    g.   Failure to stabilize, immobilize, and or support plaintiff's neck and spine; and/or

    h.   Sending the Plaintiff back to his cabin with a broken neck and bleeding in his brain when obvious signs of serious injury existed that demonstrated a need for immediate emergency care.

63.  As a direct and proximate result of Defendant William Pretorius' negligence, the Plaintiff suffered injuries and/or his injuries were aggravated and made worse. Further, as a direct and proximate result off the negligence of William Pretorius, the Plaintiff was injured about his body and extremities, suffered physical pain and suffering, mental and emotional anguish, loss of enjoyment of life, physical disability, impairment, inconvenience in the normal pursuits and pleasures of life, feeling of economic insecurity, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of his injuries including psychiatric and life care, incurred special transportation costs after being discharged from the vessel, suffered physical handicap, lost wages, income lost in the past, and his working ability and earning capacity have been impaired. The injuries and damages are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. Further, Plaintiff lost the value of his vacation cruise for which he incurred expenses, including, but not limited to the cost of the cruise ticket for himself and others as well as

transportation costs

**Wherefore,** the Plaintiff demands judgment for all damages recoverable under the law against the Defendant and demands trial by jury.

### COUNT VII – NEGLIGENCE AGAINST SHIP'S NURSES JACQUELINE GOBEIL AND BRYAN PATIU

Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs 1 through 15 as though alleged originally herein.

64. At all times material hereto Jacqueline Gobeil and Bryan Patiu were the ship's nurse aboard the vessel Carnival Miracle on or about September 30, 2011.

65. It was the duty of Defendants Jacqueline Gobeil and Bryan Patiu to provide Plaintiff with reasonable care under the circumstances and/or medical care which did not fall below the applicable standard of care for cruise ship nurses.

66. On or about September 30, 2011, Defendants Jacqueline Gobeil and Bryan Patiu, and/or their agents, servants, and/or employees breached their duty to provide Plaintiff with reasonable care under the circumstances.

67. On or about the above date, Plaintiff was injured due to the fault and negligence of Defendants Jacqueline Gobeil and Bryan Patiu, and/or their agents, servants, and/or employees as follows:

    a.  Failing to promptly provide Plaintiff with proper and/or adequate medical care and attention; and/or

    b.  Failing to timely diagnose Plaintiff's, medical condition; and/or

    c.  Failing to recommend the immediate evacuation of Plaintiff from the ship; and/or

    d.  Knowingly rendering treatment to passengers while lacking the proper licenses to

practice medicine in the jurisdiction of the ship and/or Bermuda; and/or

e.  Failing to have proper licenses to practice medicine in the jurisdiction of the ship or Bermuda; and/or

f.  Failing to promptly go to the plaintiff's cabin when he needed medical attention; and/or

g.  Failure to stabilize, immobilize, and or support plaintiff's neck and spine; and/or

h.  Sending the Plaintiff back to his cabin with a broken neck and bleeding in his brain when obvious signs of serious injury existed that demonstrated a need for immediate emergency care.

68. As a result of the negligence of Jacqueline Gobeil and Bryan Patiu, the Plaintiff was injured about his body and extremities, suffered physical pain and suffering, mental and emotional anguish, loss of enjoyment of life, physical disability, impairment, inconvenience in the normal pursuits and pleasures of life, feeling of economic insecurity, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of his injuries including psychiatric and life care, incurred special transportation costs after being discharged from the vessel, suffered physical handicap, lost wages, income lost in the past, and his working ability and earning capacity have been impaired. The injuries and damages are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. Further, Plaintiff lost the value of his vacation cruise for which he incurred expenses, including, but not limited to the cost of the cruise ticket for himself and others as well as transportation costs.

**Wherefore,** the Plaintiff demands judgment for all damages recoverable under the law against the Defendant and demands trial by jury.

<u>**COUNT XII – THIRD PARTY BENEFICIARY CLAIM AGAINST CARNIVAL**</u>
<u>**CORPORATION**</u>

Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs 1 through 15 as though alleged originally herein.

69. Upon information and belief, at all times material hereto, Defendants William Pretorius, Jacqueline Gobeil and Bryan Patiu had an agreement in effect with Defendant Carnival in which Carnival agreed to provide indemnity insurance coverage for the claims made in this action.

70. Further, upon information and belief, Defendant Carnival had a separate agreement with Defendants William Pretorius, Jacqueline Gobeil and Bryan Patiu. The agreement provided for Carnival financing and equipping the ship's medical facility, and these medical defendants running the facility, for the primary and direct purpose of providing medical services to passengers.  At all material times, Carnival represented to passengers that the intent of the agreement was: 1) to provide medical emergency medical care to guests, and  2) to maintain a safe and comfortable environment for their guests

71. At all times material hereto, the agreements were entered into, to primarily and directly benefit passengers, such as Plaintiff.

    a. At all times material, Carnival made representations to passengers that should a guest require medical attention while aboard their vessels, the Medical Center staff (the medical defendants herein) would be available to assist 24 hours a day for emergencies. Carnival further represented to passengers that physicians are

available to render services at a customary fee. Finally, Carnival represented to passengers that its medical centers met or exceeded the standards established by the International Council of Cruise Lines.

b. At all times material, Carnival made representations to passengers that its medical centers were staffed by qualified physicians and nurses who are committed to providing the highest quality of shipboard medical care.

c. Plaintiff, while under the care and treatment of Defendants William Pretorius, Jacqueline Gobeil and Bryan Patiu, was treated inappropriately, improperly and negligently. Therefore, because 1) the medical Defendants were not qualified to treat Plaintiff and, 2) as such could not provide the highest quality of shipboard medical care to Plaintiffs; Defendants breached their contract with Carnival.

72. The forgoing breach and/or breaches of the contract to which Plaintiff was a third party beneficiary were a direct and proximate cause of Plaintiff's injury and/or condition being aggravated and made worse. As a result of the breach and/or breaches of the contract between Carnival and Defendants' William Pretorius, Jacqueline Gobeil and Bryan Patiu, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain and suffering, mental and emotional anguish, loss of enjoyment of life, physical disability, impairment, inconvenience in the normal pursuits and pleasures of life, feeling of economic insecurity, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of his injuries including psychiatric and life care, incurred special transportation costs after being discharged from the vessel, suffered physical handicap, lost wages, income lost in the past, and his

working ability and earning capacity have been impaired. The injuries and damages are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. Further, Plaintiff lost the value of his vacation cruise for which he incurred expenses, including, but not limited to the cost of the cruise ticket for himself and others as well as transportation costs.

   **Wherefore**, the Plaintiff demands judgment for all damages recoverable under the law against the Defendants and demands trial by jury.

Dated: September 11, 2012.

                              Respectfully Submitted,

                              LIPCON, MARGULIES,
                              ALSINA & WINKLEMAN, P.A.
                              One Biscayne Tower, Suite 1776
                              Two South Biscayne Boulevard
                              Miami, Florida 33131
                              Telephone: (305) 373-3016
                              Facsimile: (305) 373 – 6204
                              E-mail: mwinkleman@lipcon.com

                              By */s/Michael Winkleman*
                                 MICHAEL WINKLEMAN
                                 FLORIDA BAR#  36719